IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JANET NAN HILTON §
 §
V. § CASE NO. 4:14-CV-345
 §
COMMISSIONER OF SOCIAL §
SECURITY ADMINISTRATION §

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on October 10, 2011, claiming entitlement to disability benefits due to impairments of obesity, status post pulmonary embolism, status post right shoulder surgery, and status post two-vessel coronary artery bypass graft. The Commissioner's decision states that she was not represented although it is clear from the transcript that she was represented. At the hearing, Plaintiff and a vocational expert, Jerold L. Hildre, testified.

On January 4, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on March 28, 2014. Therefore, the January 4, 2013 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016 (Ex. 7D/1).

2. The claimant has not engaged in substantial gainful activity since November 18, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: status post two-vessel coronary artery bypass graft, status post pulmonary embolism, status post right shoulder surgery and obesity (20 CFR 404. 1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to lift twenty pounds occasionally and ten pounds frequently; stand or walk four hours out of eight; and sit six hours out of an eight-hour workday. The claimant should avoid reaching overhead with the right dominant arm.

6. The claimant is capable of performing her past relevant work as a commission analyst, data entry clerk and payroll clerk. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 18, 2010, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 140-145).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not re-weigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether the claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which the claimant can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the **Fourth** step.

## ANALYSIS

Plaintiff is now before the court *pro se.* She has discharged her second or third set of counsel, expressing a dissatisfaction with not only the representation or lack thereof but also the outcome of her case. Her brief mainly complains of the lack of representation. However, the Court cannot be guided by this fact, but rather whether there is substantial evidence to support the ALJ's decision. The Court is sympathetic to Plaintiff's frustration and anxiety. She asks that the Court grant her disability and attaches records supporting her position.

The Court cannot grant Plaintiff disability. The Court's review is limited to the ALJ's decision and the administrative record. The ALJ identified a number of severe impairments. He then proceeded to his analysis as to whether any of those impairments met a listing requirement. He also considered the medical evidence of record and assigned weight accordingly. The medical evidence of record indicated that her blood pressure was well controlled with medication (Tr. 354-355, 513, 572-573, 579). Brain studies were unremarkable (Tr. 422, 549-559). Medication appeared to control many of her problems. *See Lovelace v. Bowen*, 813 F.2d 55,59 (5th Cir. 1987) ( a medical impairment that medication, surgery, or treatment can reasonably remedy is not disabling). The ALJ noted her treating physician's findings while assigning little weight to his RFC analysis and did note his medical findings, which on the whole lend substantial support to the ALJ's decision. The ALJ took into consideration that her right shoulder surgery had gone well (Tr. 143). The ALJ did account for the operation by limiting Plaintiff "to avoiding reaching overhead with the right dominant hand" (Tr. 142-143). Only a couple of months prior to plaintiff's treating doctor's RFC analysis, Dr. Costa noted that Plaintiff had a normal gait, 5/5 strength, and intact reflexes and sensation (Tr. 138, 144).

The ALJ has the sole responsibility for determining a claimant's disability status. *See Greenspan v. Shalala*, 38F.3d 232,237 (5th Cir. 1994). The ALJ properly took into account Plaintiff's testimony as to her limitations (Tr. 142-143). Certain conditions submitted by the Plaintiff may have occurred after the date of the ALJ's decision and, as noted by the Appeals Council, she is not foreclosed from filing on these claims.

Having reviewed the record as a whole, the Court finds that the ALJ gave Plaintiff a fair hearing and conducted a considered analysis. The Court by law is restricted to a limited review of the record and does not have the power to reverse a decision that is based on substantial evidence.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

**SIGNED this 24th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE